IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

KEVIN MORGAN,                                    *

     Plaintiff,                               *

v.                                               *        Civ. No. DLB-24-1782

CO2 D. SMITH, *et al.*,                          *

     Defendants.                              *

**MEMORANDUM OPINION**

Kevin Morgan, who is proceeding without counsel, filed a civil rights complaint pursuant to 42 U.S.C. § 1983 against Correctional Officer II Davon Smith and the Charles County Detention Center ("CCDC"), alleging they violated his constitutional rights while he was a pretrial detainee at CCDC. ECF 1.[1] Morgan was subsequently permitted to add Charles County as a defendant, and CCDC was dismissed. ECF 18. Morgan alleges he was subjected to excessive force when Smith tripped him, causing him to fall and injure his head on a railing. ECF 1, at 2, 4.

Morgan filed a motion for summary judgment. ECF 21. The defendants then filed an opposition and cross-motion for summary judgment.[2] ECF 24. Morgan then filed his own cross-motion for summary judgment.[3] ECF 29. That motion is fully briefed. ECF 30, 32.

No hearing is necessary to resolve the pending motions. *See* Loc. R. 105.6 (D. Md. 2025). For the following reasons, the defendants' motion for summary judgment is denied as to Smith and denied as moot as to Charles County. Morgan's motions for summary judgment are denied.

---

[1] The Clerk shall correct the docket to reflect Smith's full name.

[2] The defendants also filed a motion for leave to file a physical exhibit, ECF 25, which is granted.

[3] Morgan also filed a "motion to amend/add defendant" seeking to add Charles County as a defendant. ECF 28. The relief Morgan seeks has already been granted. *See* ECF 18. The motion is denied as moot.

## I.    Background

On April 23, 2024, while Morgan was housed at CCDC, correctional officers Smith and Thompson escorted him from his cell, each holding one of his arms. ECF 29-1, at 4 (verified mem. in supp. of cross-mot. for summ. j.); ECF 31, at 3, ¶¶ 2–3 (Morgan aff.); ECF 27-1, ¶ 2 (Smith aff.); ECF 24-3, ¶ 2 (Thompson aff.). Morgan states that, as he was trying to walk with both officers holding him, Smith "purposely and knowingly extended his left leg in front [of Morgan's] right leg trippin[g] [him and] causing [him] to hit and bust [his] head and eye on the lower rail." ECF 31, at 3, ¶ 3; ECF 29-1, at 4, ¶ 3. He insists he "never resisted or t[ri]ed to struggle with Officer Smith or Thompson." ECF 31, at 3, ¶ 3; ECF 29-1, at 4, ¶ 4. Morgan's injuries required five staples in his head and five stitches above his right eye. ECF 29-1, at 5, ¶ 9; ECF 24-5, at 2 (internal investigation report). Morgan seeks $50 million in damages and an unspecified change in the use of force policy. ECF 1, at 3.

According to Smith, he and Thompson were "call[ed] . . . to assist in separating" Morgan and his cellmate, who were fighting in their cell. ECF 27-1, ¶ 2. Morgan "resisted and ignored multiple directions to get on the floor," so Smith "extended [his] left leg to cause [Morgan] to lose balance so [Smith] could get him to the floor." *Id.* Smith states that he "pushed him toward the floor" but "did not slam him to the floor." *Id.* Smith recalls that as he was "moving [Morgan] safely to the floor[,] [u]nfortunately, on the way down [Morgan] hit his head on the lower rail." *Id.* Thompson corroborates Smith's account of the incident. ECF 24-3, ¶ 2. Smith states that at first Morgan did not cooperate with being handcuffed but officers were able to secure him "after a brief struggle." *Id*.

2

Video footage of the incident is too dark to see Morgan, Smith, or Thompson, but the correctional officers' repeated commands for Morgan to get on the floor are audible. ECF 25-1.

## II.    Standard of Review

Both parties have moved for summary judgment. ECF 21, 24, 29. Summary judgment is appropriate when the movant "shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).  When presented with cross-motions for summary judgment, the Court "must review each motion separately on its own merits 'to determine whether either of the parties deserves judgment as a matter of law.'" *Rossignol v. Voorhaar*, 316 F.3d 516, 523 (4th Cir. 2003) (quoting *Philip Morris Inc. v. Harshbarger*, 122 F.3d 58, 62 n.4 (1st Cir. 1997) (citation and internal punctuation omitted)). The relevant inquiry is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251–52 (1986). The Court must "view the evidence in the light most favorable to the nonmoving party" and avoid "weigh[ing] the evidence or mak[ing] credibility determinations." *Lee v. Town of Seaboard*, 863 F.3d 323, 327 (4th Cir. 2017) (quoting *Jacobs v. N.C. Admin. Off. of the Courts*, 780 F.3d 562, 568–69 (4th Cir. 2015)) (internal quotation marks omitted). However, the Court also must abide by its "affirmative obligation . . . to prevent factually unsupported claims and defenses from proceeding to trial." *Drewitt v. Pratt*, 999 F.2d 774, 778–79 (4th Cir. 1993) (quoting *Felty v. Graves-Humphreys Co.*, 818 F.2d 1126, 1128 (4th Cir. 1987)) (internal quotation marks omitted).

If the moving party demonstrates "an absence of evidence to support the nonmoving party's case," the burden shifts to the nonmoving party to "present specific facts showing that there is a genuine issue for trial." *Humphreys & Partners Architects, L.P. v. Lessard Design, Inc.*, 790 F.3d

532, 540 (4th Cir. 2015). A factual dispute is genuine only where there is sufficient evidence to permit a reasonable jury to find in the nonmoving party's favor. *Id.*; *see also Perkins v. Int'l Paper Co.*, 936 F.3d 196, 205 (4th Cir. 2019). "To create a genuine issue for trial, 'the nonmoving party must rely on more than conclusory allegations, mere speculation, the building of one inference upon another, or the mere existence of a scintilla of evidence.'" *Humphreys & Partners Architects*, 790 F.3d at 540 (quoting *Dash v. Mayweather*, 731 F.3d 303, 311 (4th Cir. 2013)). "Instead, the nonmoving party must establish that a material fact is genuinely disputed by, *inter alia*, 'citing to particular parts of the materials of record.'" *United States v. 8.929 Acres of Land in Arlington Cnty.*, 36 F.4th 240, 252 (4th Cir. 2022) (quoting Fed. R. Civ. P. 56(c)(1)(A)).

## III.    Discussion

The United States Code provides a federal cause of action for any individual who believes a state actor has deprived him or her of a constitutional right. *See* 42 U.S.C. § 1983; *City of Monterey v. Del Monte Dunes*, 526 U.S. 687, 707 (1999). The statute "is not itself a source of substantive rights, but merely provides 'a method for vindicating federal rights elsewhere conferred.'" *Albright v. Oliver*, 510 U.S. 266, 271 (1994) (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979)). A plaintiff must prove two elements to prevail on a claim under § 1983: (1) the plaintiff must have suffered a deprivation of "'rights, privileges or immunities secured by the Constitution and laws'" of the United States; and (2) the act or omission causing the deprivation must have been "committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 45 n.3, 48 (1988) (quoting 42 U.S.C. § 1983).

Morgan brings an excessive force claim under § 1983. The Supreme Court held in *Kingsley v. Hendrickson* that "the appropriate standard for a pretrial detainee's excessive force claim is solely an objective one." 576 U.S. 389, 397 (2015). "It is enough . . . that a pretrial detainee show

that the 'force purposely or knowingly used against him was objectively unreasonable,' . . . regardless of an officer's state of mind." *Dilworth v. Adams*, 841 F.3d 246, 255 (4th Cir. 2016) (quoting *Kingsley*, 576 U.S. at 397). Pursuant to *Kingsley*, the Court must consider whether, under the "facts and circumstances" of this case, and from the "perspective of a reasonable officer on the scene," the force used against Morgan was objectively excessive. *Kingsley*, 576 U.S. at 397 (quoting *Graham v. Connor*, 490 U.S. 386, 396 (1989)). The Court also must "account for the 'legitimate interests that stem from [the government's] need to manage the facility in which the individual is detained,' appropriately deferring to 'policies and practices that in th[e] judgment' of jail officials 'are needed to preserve internal order and discipline and to maintain institutional security.'" *Id.* (quoting *Bell v. Wolfish*, 441 U.S. 520, 540 (1979) (brackets in original)).

### A.    Officer Smith

Smith contends that he is entitled to summary judgment on Morgan's excessive force claim because the limited force used was reasonable to gain his compliance. The parties agree that Smith intentionally used his leg to cause Morgan to lose balance and fall to the floor. ECF 27-1, ¶ 2; ECF 31, at 3, ¶ 3. The parties also agree that Morgan hit his head on a railing as he fell. ECF 27-1, ¶ 2; ECF 31, at 3, ¶ 3. And Morgan's significant injuries are undisputed. ECF 27-1, ¶ 2; ECF 24-5, at 2. But the parties dispute what caused Morgan's injuries. Morgan attests that he needed stitches on his head and by his eye because he hit his head on the railing when he fell. ECF 31, at 3, ¶ 3. The defendants argue that Morgan's injuries stemmed from the fight with his cellmate and that hitting his head on the railing caused "only a laceration, if any[thing]." ECF 24-1, at 2–3, 5. They cite the internal investigation report, in which the investigator reported that Thompson observed that, before the officers removed Morgan from his cell, "Morgan had blood running down his lips, his eye was swollen, and there was a puddle of blood in the cell." *See* ECF 24-5, at 21. Smith told

the investigator that, when he reached Morgan's cell, "the cell, [the cellmate] and Morgan[] were covered in blood," and Morgan's "face was bloody." *Id.* at 23. Moreover, the parties dispute whether Morgan resisted the officers' efforts to escort him away from the cell. Morgan attests that he did not resist. ECF 31, at 3, ¶ 3. Smith and Thompson attest that Morgan was resisting, making himself stiff, holding the door frame, and trying to get to the inmate with whom he had been fighting. ECF 24-3, ¶ 2; ECF 27-1, ¶ 2.

The video evidence does not resolve the dispute. *See* ECF 25-1, at P4220001.MOV.[4] The video shows several officers gathering in front of a cell. The cellmates can be seen through the window struggling with one another. An officer directs the inmates to "break it up," but they continue struggling. An officer seems to be directing the other officers, telling them to "stand back" and then to "grab them" and "grab and separate them." As the door opens, the officer again commands the inmates to "break it up" several times. Morgan, wearing a bloodied white T-shirt, appears to be being held back by his cellmate. There is a puddle of blood on the floor. As the officers enter the cell, the cellmate drops to the floor with an officer behind him. Another officer grabs Morgan's right arm and pulls him toward the opposite wall and out the door. As he is being pulled up and out of the cell, Morgan places his left hand on the wall but does not appear to grab the door frame. He is quickly moved through the door to the right of the screen and out of view of the camera, which remains focused on the inside of the cell. As Morgan is still being pulled from the cell, officers can be heard directing him to get on the floor. After Morgan is no longer in view, low voices are heard for a few seconds and then an officer is heard yelling more forcefully, "get

---

[4] The exhibit submitted by the defendants contains three separate videos. Only one, P4220001.MOV, shows the events at issue. ECF 25-1. A second video shows Morgan and his cellmate each being examined and treated in a medical room (P4220002(1).MOV), and a third shows Morgan's cellmate being escorted through the prison, but Morgan does not appear (P4220003.MOV). *Id*.

on the ground," indicating a possible brief struggle. Approximately ten seconds later, the camera view moves from the inside of the cell to the corridor outside where officers are securing Morgan. However, Morgan and the officers securing him cannot be seen due to the darkness of the video. After approximately one minute, Morgan can be seen after he gets up off the ground and is escorted away.

The evidence presents a classic dispute of material fact precluding summary judgment. Smith declares that Morgan was struggling and resisting, so he used reasonable force by destabilizing Morgan's leg to bring him to the ground and secure him. Morgan attests that any forced used was unreasonable and excessive because he was not struggling or resisting and the officer intentionally tripped him, causing his injuries. The video evidence does not resolve the matter. Thus, both parties' motions for summary judgment are denied.

### B.    Charles County

Morgan also names Charles County as a defendant. The defendants argue that the claims against Charles County fail simply because the claim against Smith fails. ECF 24-1, at 4 n.3. Although the claim against Smith does not fail as a matter of law, the claim against Charles County nonetheless is dismissed.

An indigent litigant may commence an action in this Court without prepaying the filing fee, as Morgan has done. 28 U.S.C. § 1915(a)(1). To guard against possible abuses of this privilege, the statute requires dismissal of any claim that fails to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii); 28 U.S.C. § 1915A(b)(1) ("[T]he court shall . . . dismiss the complaint, or any portion of the complaint, if the complaint . . . fails to state a claim upon which relief may be granted[.]").

7

Under *Monell v. Department of Social Services*, a municipality can be liable under § 1983 "if the action that is alleged to be unconstitutional implements or executes a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers." 436 U.S. 658, 690 (1978). To state a *Monell* claim, Morgan must allege "the existence of an official policy or custom that is fairly attributable to the municipality and that proximately caused the deprivation of [his constitutional] rights." *Howard v. City of Durham*, 68 F.4th 934, 952 (4th Cir. 2023) (quoting *Jordan ex rel. Jordan v. Jackson*, 15 F.3d 333, 338 (4th Cir. 1994)); *see Palma v. Montgomery Cnty., Md.*, 598 F. Supp. 3d 288, 296 (D. Md. 2022). This policy or practice may be established through "the decisions of a government's lawmakers, the acts of its policymaking officials, and practices so persistent and widespread as to practically have the force of law." *Palma*, 598 F. Supp. 3d at 296 (quoting *Connick v. Thompson*, 563 U.S. 51, 61 (2011)); *see also Lytle v. Doyle*, 326 F.3d 463, 471 (4th Cir. 2003). This means a plaintiff may base a *Monell* claim on "written ordinances and regulations" or "certain affirmative decisions of individual policymaking officials" or, "outside of such formal decisionmaking channels," on "a practice [that] is so 'persistent and widespread' and 'so permanent and well settled as to constitute a 'custom or usage' with the force of law." *Carter v. Morris*, 164 F.3d 215, 218 (4th Cir. 1999) (quoting *Monell*, 436 U.S. at 691).

"[O]ne or two isolated constitutional violations alone cannot constitute a policy or custom of unconstitutional conduct." *Palma*, 598 F. Supp. 3d at 297; *see Drewry v. Stevenson*, No. WDQ-09-2340, 2010 WL 93268, at *3 (D. Md. Jan. 6, 2010) ("[I]solated incidents are insufficient to create local government liability." (citing *Doe v. Broderick*, 225 F.3d 440, 456 (4th Cir. 2000))).

Here, even if Smith's use of force violated Morgan's constitutional rights, Morgan does not allege any facts to suggest Smith was executing a Charles County custom or policy when he

allegedly used excessive force against him. Thus, Morgan fails to state a claim for *Monell* liability. The complaint is dismissed as to Charles County. The defendants' motion for summary judgment on the claim against Charles County is denied as moot.

## IV.    Conclusion

The complaint is dismissed as to Charles County. The parties' motions for summary judgment are denied. Because the case is moving to the discovery phase, and in light of Morgan's status as an indigent, incarcerated litigant, counsel will be appointed to represent him.

A separate Order follows.

March 25, 2026
Date

_____
Deborah L. Boardman
United States District Judge